UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **CARMEN GROUP, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**XAVIER UNIVERSITY OF LOUISIANA,**<br><br>Defendant. | Civil Action No. 1:13-cv-00909 (CRC) |

## MEMORANDUM OPINION

The parties to this action entered a contract providing that venue for any disputes "shall be the Superior Court of the District of Columbia." Despite this straightforward mandate, Defendant Xavier University of Louisiana removed Plaintiff's D.C. Superior Court breach of contract action to this Court. Plaintiff Carmen Group, Inc. now seeks remand. Magistrate Judge Alan Kay issued a Report and Recommendation finding that the parties' unambiguous selection of D.C. Superior Court as the exclusive forum for their disputes barred Xavier's removal of the case. The Court adopts the Magistrate Judge's conclusion and grants Carmen's Motion to Remand.

**I.   Background**

Xavier University of Louisiana engaged Carmen Group, Inc., a D.C.-based government affairs firm, to help it secure relief from repayment obligations arising under a U.S. Department of Education loan program for historically black colleges and universities that had been affected by Hurricane Katrina. Compl. [Dkt. No. 1-1] ¶ 6. The parties memorialized the engagement in a March 11, 2010 Consulting Services Agreement, which Carmen drafted. Id. ¶ 4; Answer [Dkt. No.5] ¶ 26. The agreement contains the following forum selection clause:

> The venue for any claim, controversy, or dispute which arises between the parties from or related to this Agreement shall be the Superior Court of the District of Columbia and the parties hereby consent to the jurisdiction of such court and waive any objection to such venue.

Compl. Ex. A [Dkt. No. 1-1] § 6.1.

Following Xavier's alleged failure to pay $270,000 due under the contract, Carmen filed a Complaint in D.C. Superior Court. Compl. ¶ 8–11. Xavier timely filed a Notice of Removal to this Court based on the Court's diversity jurisdiction. Carmen countered with a Motion to Remand the case to D.C. Superior Court, arguing that the agreement's forum selection clause barred Xavier from removing the suit and requesting an award of attorney's fees and costs. Mot. to Remand [Dkt. No. 6] at 3–4.

Xavier responds that removal is proper because the forum-selection clause does not reflect a "clear and unequivocal" waiver of its statutory right of removal. Opp. to Mot. to Remand [Dkt. No. 7] at 4–12. Alternatively, Xavier asserts that the clause should not be enforced because Xavier had objected to the clause during contract negotiations and was unaware that Carmen had kept it in the executed agreement. Id. at 12–14.

Magistrate Judge Kay, to whom the case was referred for pre-trial proceedings, issued a Report and Recommendation on Carmen's Motion to Remand. Magistrate Judge Kay concluded that the parties' agreement that venue for disputes arising under the contract "shall be" the Superior Court, combined with their waiver of any objection to venue in that court, prohibited Xavier's removal. Report and Recommendation [Dkt. No. 15] at 4–5. Judge Kay reasoned:

> [T]he language clearly submits to suit in the Superior Court. See Agreement [6-1] at 4 ("The venue for any claim, controversy, or dispute which arises between the parties from or related to this Agreement shall be the Superior Court of the District of Columbia"). The remainder of the text clearly and unequivocally waives the right to remove when it provides, "the parties hereby consent to the jurisdiction of such court [the Superior Court] and waive any objection to such venue." Id. The parties selected a specific court and waived the right to submit disputes to a different one.

Id. at 5. Xavier filed timely written objections to the Magistrate Judge's Report and Recommendation, which the Court now reviews *de novo*. Fed. R. Civ. P. 72.

2

II.   Analysis

  A. Waiver of Right to Remove

The general federal removal statute, 28 U.S.C. § 1441(a), permits defendants to remove certain state court actions "to the district court of the United States for the district and division embracing the place where such action is pending." On a motion to remand, the defendant bears the burden of establishing that subject matter jurisdiction exists in federal court. E.g., RWN Dev. Grp., LLC v. Travelers Indem. Co. of Conn., 540 F. Supp. 2d 83, 86 (D.D.C. 2008) (citing Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the West, 366 F. Supp. 2d 33, 36 (D.D.C. 2005)).

The sole basis for Carmen's objection to removal is the forum selection clause. The central issue presented, then, is whether the forum selection clause effectively waives Xavier's right of removal. Xavier contends that any waiver must be "clear and unequivocal" and that the clause does not meet that standard. Opp. to Mot. to Remand at 5. Carmen does not take issue with this standard but argues that the contract's plain language clearly and unequivocally waives the right of removal.[1] Magistrate Judge Kay found that the "comprehensive and mandatory" language of the clause, paired with the parties' waiver of any objections to venue, barred Xavier's removal of the case under a clear and unequivocal standard. Report and Recommendation at 5–6.

Neither the D.C. Circuit nor this Court appears to have analyzed the circumstances under which a contractual forum selection clause can effect a waiver of the parties' removal rights. Other courts that have confronted this issue frequently classify forum selection clauses as either mandatory or permissive. See, e.g., City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d

---

[1] The circuits differ on whether a contractual removal waiver must be reviewed under the "clear and unequivocal" standard that applies to other litigation-based waivers. Compare In re Delta Am. Re Ins. Co., 900 F.2d 890, 892 (6th Cir. 1990) (waiver of the right to remove must be "clear and unequivocal"); with Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004) (waiver "is to be determined according to ordinary contract principles"). The D.C. Circuit appears not to have spoken on the issue. The Court need not resolve this disagreement because it finds that the clause here waives the right to remove under the more stringent standard.

501, 504 (5th Cir. 2004); Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004); John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distributors Inc., 22 F.3d 51, 53 (2d Cir. 1994). Mandatory clauses that require the parties to litigate exclusively in a particular state court ordinarily are held to waive the right of removal. See, e.g., FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC, 626 F.3d 752, 754 (4th Cir. 2010); Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc., 428 F.3d 921, 924 (10th Cir. 2005); CIS Fin. Servs. Inc. v. Brooks, 13-1281, 2014 WL 1234153, at *1 (N.D. Ala. Mar. 25, 2014). Permissive provisions on the other hand—which "authorize[] jurisdiction in a designated forum but d[o] not prohibit litigation elsewhere[,]" Global Satellite Commc'n Co., 378 F.3d at 1272—generally do not waive the right to remove. See, e.g., SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 581 (10th Cir. 1997); Blanco v. Banco Indus. de Venezuela, S.A., 997 F.2d 974, 979 (2d Cir. 1993); OsComp Sys., Inc. v. Bakken Exp., LLC, 930 F. Supp. 2d 261, 270–71 (D. Mass. 2013).

The forum selection clause here is clearly mandatory. It states that "venue for *any claim, controversy, or dispute* which arises between the parties from or related to this Agreement *shall be the Superior Court* of the District of Columbia." Compl. Ex. A § 6.1. (emphasis added). The term "'shall' means something on the order of 'must' or 'will,'" Friends of Blackwater v. Salazar, 691 F.3d 428, 441 (D.C. Cir. 2012) (quoting F.T.C. v. Tarriff, 584 F.3d 1088, 1090 (D.C. Cir. 2009)), and "has an ordinary meaning of imperative obligation, leaving no discretion or choice for the actor." Intermountain Systems, Inc. v. Edsall Constr. Co., 575 F. Supp. 1195, 1198 (D. Colo. 1983). The parties' use of the term leaves little doubt that they intended D.C. Superior Court to be the exclusive forum for any claim or dispute that arose under the contract. See, e.g., Silver v. Am. Safety Indem. Co., No. 13-611, 2014 WL 1233034, at *4 (D.D.C. Mar. 26, 2014) ("The first step in contract interpretation is determining what a reasonable person in the position of the parties would have thought the disputed language meant" (quotation marks omitted)). Other courts that have

4

considered virtually identical language in forum selection clauses have reached the same conclusion.  See, e.g., FindWhere Holdings, 626 F.3d at 754 ("[j]urisdiction and venue . . . shall lie exclusively in, or be transferred to, the courts of the State of Virginia"); Kamm v. ITEX Corp., 568 F.3d 752, 754 (9th Cir. 2009) ("venue shall be in the courts of the State of Oregon"); Am. Soda, LLP, 428 F.3d at 924 ("the Courts of the State of Colorado shall be the exclusive forum"); CIS Fin. Servs. Inc., 2014 WL 1234153, at *1 ("venue shall be in the appropriate State court of Marion County, Alabama"); Intermountain Systems, Inc., 575 F. Supp. at 1198 ("venue shall be in Adams County, Colorado").

The Court is left unpersuaded by the cases cited by Xavier to support its position that the forum selection clause is insufficiently clear to effect a waiver.  In Regis Associates v. Rank Hotels (Management) Ltd., 894 F.2d 193 (6th Cir. 1990), the Sixth Circuit held that a clause stating that "parties hereby submit to the jurisdiction of the Michigan Courts" did not waive the right to remove.  Id. at 195.  But agreeing to "submit to" the jurisdiction of a particular court is different from agreeing to exclusive venue in one court and waiving objections to jurisdiction in all others.  Similarly, in McDermott International, Inc. v. Lloyds Underwriters of London, 944 F.2d 1199 (5th Cir. 1991), the Fifth Circuit concluded that a service-of-suit clause requiring Lloyds to "submit to" the jurisdiction of any court chosen by McDermott did not prevent removal.  Id. at 1206.  The court reasoned that Lloyds could comply with that requirement by not objecting to McDermott's *bringing* suit in a particular state court and then exercising its right to remove.  Id.  That is not true here, however, because the forum selection clause mandates that exclusive venue for all claims be in a specific court, not simply that claims be brought initially in a designated court.

Xavier also cites two unpublished Sixth Circuit opinions that take the view that a forum selection clause can effect a "clear and unequivocal" waiver of the right to remove only if it explicitly mentions the right to remove.  See Cadle Co. v. Reiner, Reiner & Bendett, P.C., 307 F.

App'x 884, 888 (6th Cir. 2009); EBI-Detroit, Inc. v. City of Detroit, 279 F. App'x 340, 347 (6th Cir. 2008). The Court declines to adopt this narrow interpretation of the removal waiver standard. Contracting parties can clearly reflect an intention to waive their removal rights in ways other than explicitly referencing removal. One such way is to select a particular state court as the exclusive forum for the resolution of any claims that might arise under the contract, as the parties did here. Numerous other courts likewise have found removal waivers absent explicit mention of removal. E.g., City of New Orleans, 376 F.3d at 504; Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992); Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1216 (3d Cir. 1991); City of Rose City v. Nutmeg Ins. Co., 931 F.2d 13, 14 (5th Cir. 1991); Archdiocese of Milwaukee v. Underwriters at Lloyd's, London, 955 F. Supp. 1066, 1071–72 (E.D. Wis. 1997) (collecting cases).

The Court's conclusion is buttressed by the provision in the contract "waiv[ing] any objections to venue" in D.C. Superior Court. Compl. Ex. A § 6.1. Xavier may be correct that removal does not necessarily constitute an objection to venue in D.C. Superior Court. Obj. to Report and Recommendations [Dkt. No. 16] at 3–4. When read in conjunction with the mandatory forum selection clause, however, the venue waiver provision further reflects the parties' intention to establish D.C. Superior Court as the exclusive forum for any disputes under the contract.[2]

### B. Enforcement of the Forum Selection Clause

Xavier also argues that the forum selection clause should not be enforced because "the clause was only included in the Agreement as a result of [Carmen's] misrepresentation and/or error." Opp. to Mot. to Remand at 12. Specifically, Xavier maintains that it objected to the clause during the drafting and negotiation process and was under the impression that Carmen had changed

---

[2] Xavier also contends that its reading should prevail because any ambiguities in the language of the contract should be resolved against Carmen, the drafter of the clause. Obj. to Report and Recommendations at 11–12. As explained above, however, the meaning of the clause is clear. There are no ambiguities to resolve in favor of either party.

6

it prior to preparing the final version of the agreement.  Id. at 12–14.

The Court will enforce the clause.  There is a "strong presumption in favor of freely negotiated contractual choice-of-forum provisions."  Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 615 (1985).  A valid forum selection clause should be enforced unless it is clearly shown "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).  Xavier fails to allege, let alone demonstrate, any conduct by Carmen that would come close to meeting this standard.  As Magistrate Judge Kay notes, the contract contains an integration clause and "Xavier University is a sophisticated party, represented by counsel."  Report and Recommendation at 4.  Xavier cannot credibly claim it was misled because it apparently neglected to review the language of the contract that it signed.  See, e.g., Sununu v. Philippine Airlines, Inc., 792 F. Supp. 2d 39, 56 (D.D.C. 2011) (contract not voidable for misrepresentation if party had a "reasonable opportunity to know of the character or essential terms of the proposed contract" (internal quotation marks omitted)).

### C.  Attorney's Fees and Costs

Finally, Carmen requests an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  Mot. to Remand at 1.  The Court does not believe an award of costs and fees is warranted and denies this request.  See, e.g., Ibrahim v. 1417 N. St. Associates, L.P., 950 F. Supp. 406, 408 (D.D.C. 1997) (decision to award costs and fees under § 1447(c) at the court's discretion and generally unwarranted absent "either a frivolous filing or bad faith").

## III.  Conclusion

After consideration of the Report and Recommendation of Magistrate Judge Kay, the parties' pleadings, the entire record before the Court, and the applicable law, the Court will adopt Magistrate Judge Kay's Report and Recommendation.  An order consistent with this Memorandum

Opinion shall be contemporaneously issued.

                                                                                 _____
CHRISTOPHER R. COOPER
United States District Judge

Date: May 5, 2014